


IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| UNITED STATES OF AMERICA | Case No. 3:21cr 045 |
|---|---|
| v. | 18 U.S.C. § 1341<br>Mail Fraud |
| EUGENE JOHNSON, JR., | (Count One) |
| Defendant. | 18 U.S.C. § 982(a)(2)<br>Criminal Forfeiture |

## CRIMINAL INFORMATION

1.  THE UNITED STATES ATTORNEY CHARGES THAT beginning on a date unknown but believed to be at least in or about December 2014 and continuing through a date unknown but believed to be at least in or about January 2018, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, EUGENE JOHNSON JR. (hereinafter "JOHNSON"), the defendant herein, did knowingly and willfully devise and intend to devise the following scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme or artifice knowingly deposited and or caused to be deposited matters and things to be sent or delivered by any private and commercial interstate carrier, to wit: the defendant knowingly and intentionally caused women to deposit packages containing quantities of U.S. currency to be delivered to him by FedEx and other private and commercial interstate carriers.

## THE SCHEME AND ARTIFICE

1.  Beginning in at least December 2014, JOHNSON created and executed a scheme and artifice to defraud women he met through online dating websites of money and property by

falsely affirming a romantic attachment to the women and then falsely claiming to have various pressing financial needs for which he solicited money.

2. It was part of the scheme and artifice that JOHNSON used online dating websites, including Plenty of Fish, to meet women residing in various states, including Virginia.

3. It was further part of the scheme and artifice that, after meeting women on these platforms, JOHNSON obtained their telephone numbers and thereafter communicated with them primarily through telephone calls and text messages.

4. It was further part of the scheme and artifice that JOHNSON used various aliases when interacting with women online and by phone and text, including "Tony Taylor" and "Michael Royer."

5. It was further part of the scheme and artifice that JOHNSON made other false claims regarding his identity and lifestyle, including falsely claiming to be an active-duty United States Marine from Maine with a son for whom he and his mother shared custody following the death of the child's mother.

6. It was further part of the scheme and artifice that, when purporting to establish a romantic relationship women he met online, JOHNSON falsely claimed that he wanted to marry each woman, buy a house with her, and raise his son and any children she might have together.

7. It was further part of the scheme and artifice that, after purportedly establishing romantic relationships with such women, JOHNSON began asking them to send him money for various pressing financial needs, including various types of purported car, financial, legal, and health problems.

8. It was further part of the scheme and artifice that, to bolster his claimed financial difficulties, JOHNSON sent the women text messages from different phone numbers in which he

posed as various individuals with corroborating information, including his mother, law enforcement and military officers, and healthcare providers.

9. It was further part of the scheme and artifice that JOHNSON falsely promised to repay the solicited funds from income sources he did not then have and to which he was not then entitled as claimed.

10. It was further part of the scheme and artifice that JOHNSON directed women to send him the solicited funds through various means, including (1) wire transfers through MoneyGram, Western Union, and other interstate money transmitting services, and (2) cash shipments through FedEx, UPS, and other interstate commercial carriers.

11. It was further part of the scheme and artifice that, once a woman sent JOHNSON funds to assist with one of his purported financial needs, JOHNSON asked the woman for additional funds for other falsely claimed needs.

12. It was further part of the scheme and artifice that JOHNSON directed women to open credit and loan accounts through which to fund his ongoing financial solicitations.

13. It was further part of the scheme and artifice that JOHNSON continued soliciting funds from responsive women until those women had exhausted their own financial resources, refused to send him any more money, or began questioning the veracity of his various claims.

14. It was further part of the scheme and artifice that, once JOHNSON received the solicited funds, he used them to enrich himself and make personal expenditures different from those for which he had claimed to need the money.

15. Through this scheme and artifice the defendant fraudulently obtained at least $276,361.65 from at least eight (8) women in at least three (3) states.

## COUNT ONE

16. On or about January 8, 2018, in the Eastern District of Virginia and elsewhere, EUGENE JOHNSON, JR., the defendant herein, having devised and intended to devise the above-described scheme and artifice to defraud and to obtain money and property by materially false and fraudulent pretenses, representations, and promises, with the intent to defraud, and for the purpose of executing and attempting to execute that scheme and artifice to defraud and deprive, did knowingly deposit and cause to be deposited to be sent and delivered by a private and commercial interstate carrier the following matter: a package containing a quantity of U.S. currency sent that A.J. deposited at the defendant's direction at a location in Virginia Beach, Virginia for delivery by FedEx to an address in Bel Alton, Maryland.

(In violation of Title 18, United States Code, Section 1341).

## FORFEITURE ALLEGATION

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

Pursuant to Federal Rule of Criminal Procedure 32.2, the defendant, EUGENE JOHNSON, JR., is hereby notified:

A. Upon conviction of the violation alleged in this Information, the defendant shall forfeit to the United States:

1. Any property, real and personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the violation.

2. The property subject to forfeiture includes, but is not limited to: a money judgment in the amount of at least $276,361.65, which represents the proceeds that the defendant received from the scheme and artifice alleged herein.

3. If property subject to forfeiture is not available the government may seek an order forfeiting substitute assets, pursuant to Title 21, United States Code, Section 853(p).

(In accordance with Title 18, United States Code, Section 982(a)(2); and Title 21, United States Code, Section 853(p)).

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date: May 5, 2021

By: *Heather Mansfield*
Heather Hart Mansfield
Kaitlin G. Cooke
Assistant United States Attorneys