IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>EUGENE JOHNSON, JR.,  )<br>)<br>Defendant.  ) | Criminal No. 3:21-cr-45–HEH |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Eugene Johnson, Jr. was convicted of mail fraud and sentenced to thirty (30) months of imprisonment. (ECF No. 27 at 1–2.) Johnson was ordered to pay $276,361.65 in restitution. (ECF No. 25 at 1.) Johnson, proceeding with counsel, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 32).

Johnson contends that his prior counsel, Charles D. Lewis, provided ineffective assistance:

> (1) by failing to timely recognize that there was a mental health component to the case, and recommend hiring a mental health expert; (2) by failing to investigate or even discuss with me what was done with the funds by me that I received from others that made me subject to the wire fraud statute; (3) by failing to properly prepare me for the sentencing hearing; and (4) refusing to file for a Rehearing after discussing fully the circumstances that led to my actions – being sexually abused by my mother's boyfriend, and my family's failure to even explore whether or not something had happened to me after my father fully supported my sister's complaint that led to the prosecution of my mother's boyfriend.

(ECF No. 39 at 2.)

Johnson attached an affidavit to his Reply, wherein he stated, with respect to the second deficiency alleged above:

> That the money I swindled from all of my victims was not to enrich me or my family.
> I took all the money I took from my victims, and turned around and gave it away to others, and in fact, also took a lot of my earnings and gave it away to others for reasons I began to understand through my counseling.

(ECF No. 39-1 at 2 (paragraph numbers omitted).) Johnson's affidavit, however, was not signed. Furthermore, Johnson did not provide any evidence to support his assertion that he gave away hundreds of thousands of dollars to others. By Memorandum Order entered on November 18, 2022, the Court directed Johnson, within thirty (30) days of the date of entry thereof, to provide a signed, sworn version of his affidavit and "any and all evidence that supports his assertion that he 'took all the money [he] took from [his] victims, and turned around and gave it away to others, and in fact, also took a lot of [his] earnings and gave it away to others . . . .'" (ECF No. 41 at 2 (alterations in original) (quoting ECF No. 39-1 at 2).)

As of February 27, 2023, Johnson had not responded to the Court's November 18, 2022 Memorandum Order. Accordingly, by Memorandum Order entered on February 27, 2023, the Court directed Johnson, within eleven (11) days of the date of entry thereof, to show cause why his § 2255 Motion should not be dismissed. (ECF No. 42 at 2.) The Court further stated that, "[t]he failure to file an appropriate response will be grounds in and of itself for dismissal of the § 2255 Motion." (*Id.* (citing Fed. R. Civ. P. 41(b).)

2

More than eleven (11) days have elapsed since the entry of the February 27, 2023 Memorandum Order and Johnson has not responded. Accordingly, the § 2255 Motion will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany the Memorandum Opinion.

                                                 /s/
                          Henry E. Hudson
Date: April 5, 2023       Senior United States District Judge
Richmond, Virginia

3